**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 1 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                                     Case No.: _____18-12029 JKS_____

MAHMOUD G. MARZOUK,

                                                          Judge: _____SHERWOOD_____

                    Debtor(s)

## Chapter 13 Plan and Motions

☐ Original            ☒ Modified/Notice Required            Date: _MARCH 25, 2019_____

☒ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*.  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien.  The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____HR_____          Initial Debtor: _____MM_____          Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____350_____ per _____MONTH_____ to the Chapter 13 Trustee, starting on

_____FEBRUARY OF 2018_____ for approximately _____36_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

⊠    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property

Description:

Proposed date for completion: _____

☐  Refinance of real property:

Description:
Proposed date for completion: _____

⊠  Loan modification with respect to mortgage encumbering property:

Description: 111 Hobart Avenue, Bayonne, New Jersey
Proposed date for completion: 9/30/19 (non loss mit)_____

d.  ⊠ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ⊠ Other information that may be important relating to the payment and length of plan:

** Trustee is not pay mortgage arrears due to Wells Fargo Bank, first mortgage, pending completion of loan modification.
Debtor is to make regular mortgage payment to Wells Fargo Bank, pending completion of loan modification.  Trustee is not to
pay pre-petition arrears due to Wells Fargo Bank, pending completion of loan modification.  Pre-petition mortgage arrears,
due to Wells Fargo Bank, to be addressed through loan modification.  Loan modification outside, not within, the loss
mitigation program.

## Part 2:    Adequate Protection ☒ NONE

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:    Priority Claims (Including Administrative Expenses)

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | NONE AS TO DOMESTIC SUPPORT | $2,586 BAL. DUE OF COUNSEL FEE |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

## Part 4:    Secured Claims

### a.  Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c.  Secured claims excluded from 11 U.S.C. 506:  ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☐ **NONE**

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| WELLS FARGO HOME EQUITY | 2ND MORTGAGE RE: 111 HOBART AVE., BAYONNE, NJ | $100,000 | $453,413 | WELLS FARGO, FIRST MORT., IAO $751,075.10 | NO VALUE | N/A | NO VALUE |

2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender  ☒ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

i. Toyota Motor Credit, continued payments by the Debtor, on automobile loan, securing a 2017 Toyota Highlander, no arrears.
Continued payments by the Debtor directly to Toyota Motor Credit, no arrears.

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:   Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| TOYOTA MOTOR CREDIT | N/A | AUTOMOBILE LEASE RE: 2015 TOYOTA RAV4 | REJECT LEASE.  LEASE EXPIRED. | NOT APPLICABLE. LEASE REJECTED. |

## Part 7:    Motions  ☐ NONE

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**    ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| WELLS FARGO HOME EQUITY | 2ND MORTGAGE RE: 111 HOBART AVE., BAYONNE, NJ | $100,000 | NO VALUE | WELLS FARGO HOME MORTGAGE., FIRST MORTGAGE IAO APPROX. $751,075.10 | NO VALUE | NO VALUE; ENTIRE MORTGAGE IAO APPROX. $100,000 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Counsel Fees & Supp. Counsel Fees (Fully paid before other Claims)

3) Secured Claims and then Priority Claims

4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:   Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: FEBRUARY 25, 2018 .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| LOSS MITIGATION HAS BEEN TERMINATED SO THE NEW PLAN IS ADDRESSING THE MORTGAGE ARREARS WITH WELLS FARGO, THE PARTY THAT TERMINATED LOSS MITIGATION. | THE PLAN PROVIDES FOR A LOAN MODIFICATION OUTSIDE OF THE LOSS MITIGATION PROCESS.  OTHERWISE, THE PLAN IS MOSTLY THE SAME AS THE ORIGINALLY FILED PLAN. |

Are Schedules I and J being filed simultaneously with this Modified Plan?      ☐ Yes      ☒ No

## Part 10:   Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: MARCH 25, 2019                          /S/ MAHMOUD G. MARZOUK
                                              Debtor

Date: _____                _____
                                              Joint Debtor

Date: MARCH 25, 2019                          /S/ HERBERT B. RAYMOND, ESQ.
                                              Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 18-12029-JKS
Mahmoud G Marzouk                                                          Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 2           Date Rcvd: Mar 26, 2019
                             Form ID: pdf901           Total Noticed: 36

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 28, 2019.
```
db             +Mahmoud G Marzouk,    111 Hobart Avenue,    Bayonne, NJ 07002-4275
aty            +Powers Kirn LLC,    728 Marne Highway,    Moorestown, NJ 08057-3128
lm             +Rushmore Loan Management Services LLC,    15480 Laguna Canyon Rd,    Suite 100,
                Irvine, CA 92618-2132
517311200      +Barclays Bank Delaware,    100 S West St,    Wilmington, DE 19801-5015
517311203      +Cbusa/sears,    Citicorp Credit Srvs/Centralized Bankrup,    PO Box 790040,
                Saint Louis, MO 63179-0040
517311204      +Chase Card Services,    Correspondence Dept,    PO Box 15278,    Wilmington, DE 19850-5278
517311205      +Citibank/Sears,    PO Box 6283,    Sioux Falls, SD 57117-6283
517311206      +Citibank/The Home Depot,    Citicorp Cr Srvs/Centralized Bankruptcy,    PO Box 790040,
                St Louis, MO 63179-0040
517311208      +Credit First National Assoc,    Attn: BK Credit Operations,    PO Box 81315,
                Cleveland, OH 44181-0315
517311209     ++DELL FINANCIAL SERVICES,    P O BOX 81577,    AUSTIN TX 78708-1577
               (address filed with court: Dell Financial Services,    Attn: Bankruptcy,    PO Box 81577,
                Austin, TX 78708)
517311211      +Powers Kirn LLC,    728 Marine Highway,    PO Box 848, Suite 200,    Moorestown, NJ 08057-0848
517311217     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: Toyota Motor Credit Co,    PO Box 8026,    Cedar Rapids, IA 52408)
518008558       Toyota Lease Trust,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
517328836      +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                Addison, Texas 75001-9013
517368997      +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
517443120      +US Bank, NA as Legal Title Trustee for,    Truman 2016 SC6 Title Trust,
                c/o Rushmore Loan Management Services,    PO Box 52708,    Irvine, CA 92619-2708
517311220      +Visa Dept Store National Bank/Macy's,    Attn: Bankruptcy,    PO Box 8053,    Mason, OH 45040-8053
517383687       Wells Fargo Bank N.A.,    1 Home Campus X2303-01A,    Des Moines IA 50328-0001
517311221      +Wells Fargo Bank, NA,    Foreclosure Department,    One Home Campus, X2501-01H,
                Des Moines, IA 50328-0001
517311222      +Wells Fargo Home Equity,    PO Box 45038,    Jacksonville, FL 32232-5038
517311223       Wells Fargo Home Mortgage,    4080 Hallmark Parkway,    San Bernardino, CA 92407

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Mar 27 2019 00:02:28      U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Mar 27 2019 00:02:24      United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com Mar 27 2019 00:04:33
                Synchrony Bank c/o PRA Receivables Management, LLC,    PO BOX 41021,    Norfolk, VA 23541-1021
517311201      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 27 2019 00:05:15      Capital One,
                Attn: General Correspondence/Bankruptcy,    PO Box 30285,    Salt Lake City, UT 84130-0285
517311202      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 27 2019 00:04:11      Capital One,
                Attn: Bankruptcy,    PO Box 30285,    Salt Lake City, UT 84130-0285
517311207      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Mar 27 2019 00:01:58      Comenitycb/Toyota Rewards,
                PO Box 182120,    Columbus, OH 43218-2120
517311210      +E-mail/Text: bncnotices@becket-lee.com Mar 27 2019 00:01:19      Kohls/Capital One,
                Attn: Bankruptcy,    N56 W17000 Ridgewood Dr,    Menomonee Falls, WI 53051-5660
517395504       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 27 2019 00:16:01
                Portfolio Recovery Associates, LLC,    c/o Miles And More,    POB 41067,    Norfolk VA 23541
517315992       E-mail/Text: bnc-quantum@quantum3group.com Mar 27 2019 00:02:15
                Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA  98083-0788
517313191      +E-mail/PDF: gecsedi@recoverycorp.com Mar 27 2019 00:05:05      Synchrony Bank,
                c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517311212      +E-mail/PDF: gecsedi@recoverycorp.com Mar 27 2019 00:04:32      Synchrony Bank/ Old Navy,
                PO Box 965005,    Orlando, FL 32896-5005
517311213      +E-mail/PDF: gecsedi@recoverycorp.com Mar 27 2019 00:05:05      Synchrony Bank/Banana Republic,
                Attn: Bankruptcy,    PO Box 965060,    Orlando, FL 32896-5060
517311214      +E-mail/PDF: gecsedi@recoverycorp.com Mar 27 2019 00:04:03      Synchrony Bank/Gap,
                Attn: Bankruptcy,    PO Box 965060,    Orlando, FL 32896-5060
517311215      +E-mail/PDF: gecsedi@recoverycorp.com Mar 27 2019 00:04:04      Synchrony Bank/JC Penneys,
                Attn: Bankruptcy,    PO Box 965060,    Orlando, FL 32896-5060
517311216      +E-mail/PDF: gecsedi@recoverycorp.com Mar 27 2019 00:04:05      Synchrony Bank/JC Penneys,
                PO Box 965007,    Orlando, FL 32896-5007
                                                                                            TOTAL: 15


            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517311218*    ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: Toyota Motor Credit Co,    PO Box 8026,    Cedar Rapids, IA 52408)
517311219*    ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: Toyota Motor Credit Corp,    PO Box 8026,    Cedar Rapids, IA 52408)
                                                                        TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

```
District/off: 0312-2          User: admin          Page 2 of 2          Date Rcvd: Mar 26, 2019
                              Form ID: pdf901       Total Noticed: 36
```

```
          ***** BYPASSED RECIPIENTS (continued) *****

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 28, 2019                                    Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 25, 2019 at the address(es) listed below:
          Denise E. Carlon    on behalf of Creditor   Toyota Lease Trust dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Emmanuel J. Argentieri    on behalf of Creditor   U.S. Bank, National Association as Legal Title
           Trustee for Truman 2016 SC6 Title Trust bk@rgalegal.com
          Herbert B. Raymond    on behalf of Debtor Mahmoud G Marzouk bankruptcy123@comcast.net,
           raymondmail@comcast.net;carol-raymond@comcast.net;bankruptcyattorneys@comcast.net;herbertraymond@
           gmail.com;carbonell_c@hotmail.com;kdelyon.raymond@gmail.com;herbertraymond5967@yahoo.com;esq5622@
           gmail.com
          Kevin Gordon McDonald    on behalf of Creditor   Toyota Lease Trust kmcdonald@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Marie-Ann  Greenberg   magecf@magtrustee.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
          William M.E. Powers, III    on behalf of Creditor   U.S. Bank, National Association as Legal Title
           Trustee for Truman 2016 SC6 Title Trust ecf@powerskirn.com
                                                                   TOTAL: 7
```